UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LOUIS BENNETT, | No. C 07-2261 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Freddie Louis Bennett, a prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Bennett was found guilty in a prison disciplinary proceeding of an unidentified charge on August 20, 2005, while he was incarcerated at Mule Creek State Prison. (Although his petition did not identify the date of the disciplinary decision being challenged, his recently-filed motion for appointment of counsel did so.) The disciplinary decision resulted in the loss of time credits and apparently adversely affected his parole consideration on a later date. He alleges that he exhausted state court remedies for the claims raised in his petition before he filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). Due process requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985)

Liberally construed, the petition alleges that the disciplinary decision was not supported by some reliable evidence and that the decision-maker was biased. These due process claims are cognizable in a federal habeas action and warrant a response from respondent.

The petition also alleges that the California state courts erred in their consideration of Bennett's state habeas petitions challenging the prison disciplinary decision. Errors in the state collateral review process are not addressable through federal habeas corpus proceedings because they pertain to the review process itself and do not generally represent an attack on the prisoner's detention. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The claim is dismissed without leave to amend.

2

The petition also includes allegations about violations of state law and state regulations in the handling of the disciplinary matter against Bennett. Federal habeas review is available "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. The claims concerning the state law errors are dismissed because federal habeas relief is not available for any such errors.

Bennett has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The motion for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. The petition presents cognizable due process claims that the evidence was insufficient to support the disciplinary decision that resulted in the loss of time credits and that the decision-maker was biased. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order and the contents of the case file for this action upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

**United States District Court**
For the Northern District of California

3. Respondent shall file and serve on petitioner, on or before **November 16, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the administrative and state court record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent on or before **December 21, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court and opposing counsel informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED: September 10, 2007

_____
SUSAN ILLSTON
United States District Judge

4